UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D
AUG 04 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 5:22-CR-92-DCR

LUIS FERNANDO LARA-GARCIA,
TYLER RAYLEE IPOCK,
    aka JACOB WILLIAM TURNER,
    aka BRANDON SCOTT BENNETT,
    aka CHRIS LEE DAVIS,
DEMARKUS LEEANTHONY NEMETZ,
ALAYNA WELLS and
TAWSIF MOHAMMED TAJWAR

* * * * *

THE GRAND JURY CHARGES:

## COUNT 1
## 21 U.S.C. § 846

Beginning in or about January 2022, the exact date unknown, and continuing through on or about August 4, 2022, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

LUIS FERNANDO LARA-GARCIA,
TYLER RAYLEE IPOCK,
aka JACOB WILLIAM TURNER,
aka BRANDON SCOTT BENNETT,
aka CHRIS LEE DAVIS and
DEMARKUS LEEANTHONY NEMETZ

did knowingly and intentionally conspire together and with others to distribute Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21

U.S.C. § 846.

## Drug Type and Quantity

As to **LUIS FERNANDO LARA-GARCIA, TYLER RAYLEE IPOCK, aka JACOB WILLIAM TURNER, aka BRANDON SCOTT BENNETT, aka CHRIS LEE DAVIS, and DEMARKUS LEEANTHONY NEMETZ,** the relevant drug type and quantity attributable to each defendant is 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(b)(1)(A)(vi) & (b)(1)(A)(ii).

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about April 3, 2022, in Fayette County, in the Eastern District of Kentucky,

**LUIS FERNANDO LARA-GARCIA,**
**TYLER RAYLEE IPOCK,**
**aka JACOB WILLIAM TURNER,**
**aka BRANDON SCOTT BENNETT,**
**aka CHRIS LEE DAVIS and**
**DEMARKUS LEEANTHONY NEMETZ**

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(5)(A)

On or about April 3, 2022, in Fayette County, in the Eastern District of Kentucky,

**LUIS FERNANDO LARA-GARCIA,**

knowing that he was an alien, illegally and unlawfully present in the United States, did knowingly possess in and affecting interstate commerce, a firearm, to wit, a Taurus 9mm caliber pistol, model PT709 Slim, bearing serial number TJS39219; a DPMS Inc. .308 caliber pistol, model Panther LR-308, bearing serial number 113182; a Romarm/Cugir 7.62 x 39mm pistol, model Micro Draco, bearing serial number PE-1750-2018; a Keltec .22 caliber pistol, model PMR-30, bearing serial number WXXW47; and a Smith and Wesson .40 caliber pistol, model M & P 40 Shield, bearing serial number LEZ9172, all in violation of 18 U.S.C. § 922(g)(5)(A).

## COUNT 4
## 18 U.S.C. § 1956(h)

Beginning in or about December 2020, the exact date unknown, and continuing through on or about August 4, 2022, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**LUIS FERNANDO LARA-GARCIA,
TYLER RAYLEE IPOCK,
aka JACOB WILLIAM TURNER,
aka BRANDON SCOTT BENNETT,
aka CHRIS LEE DAVIS,
DEMARKUS LEEANTHONY NEMETZ,
ALAYNA WELLS and
TAWSIF MOHAMMED TAJWAR**

did knowingly conspire and agree with each other and with other persons known and

unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of specified unlawful activity, that is drug trafficking, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    (b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    (c) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    (d) to transport, transmit, and transfer, and attempt to transport, transmit, and

transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, drug trafficking, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), all in violation of 18 U.S.C. § 1956(h).

## COUNT 5
### 18 U.S.C. § 1956(a)(1)(A)(i)

On or about December 7, 2020, in Fayette County, in the Eastern District of Kentucky,

**DEMARKUS LEEANTHONY NEMETZ and
ALAYNA WELLS**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of United States currency, which involved the proceeds of a specified unlawful activity, that is, drug trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit, drug trafficking, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## COUNT 6
## 18 U.S.C. § 1956(a)(1)(A)(i)

On or about December 31, 2020, in Fayette County, in the Eastern District of Kentucky,

**DEMARKUS LEEANTHONY NEMETZ and**
**ALAYNA WELLS**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of United States currency, which involved the proceeds of a specified unlawful activity, that is, drug trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit, drug trafficking, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## COUNT 7
## 18 U.S.C. § 1956(a)(1)(A)(i)

On or about January 22, 2022, in Fayette County, in the Eastern District of Kentucky,

**LUIS FERNANDO LARA-GARCIA,**
**TYLER RAYLEE IPOCK,**
**aka JACOB WILLIAM TURNER,**
**aka BRANDON SCOTT BENNETT,**
**aka CHRIS LEE DAVIS and**
**TAWSIF MOHAMMED TAJWAR**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer of United States currency, which involved the proceeds of a specified unlawful activity, that is, drug trafficking, with the intent to

promote the carrying on of specified unlawful activity, to wit, drug trafficking, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1. The above allegations are incorporated herein for the purpose of alleging Forfeiture.

2. In committing the offenses alleged in Counts 1 & 2 of this Indictment, the same being punishable by imprisonment for more than one year, **LUIS FERNANDO LARA-GARCIA, TYLER RAYLEE IPOCK, aka JACOB WILLIAM TURNER, aka BRANDON SCOTT BENNETT, aka CHRIS LEE DAVIS, and DEMARKUS LEEANTHONY NEMETZ**, used and intended to use the below-described property to commit and to facilitate the commission of the said controlled substance violations, and the below-described property constitutes proceeds obtained directly and indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. § 841(a)(1).

**CURRENCY:**

a) $196,870.00 in United States currency seized on February 2, 2021, in Fayette County, KY.
b) $190,920.00 in United States currency seized on January 22, 2022, in Fayette County, KY.
c) $19,000.00 in United States currency seized on March 16, 2022, in Anderson County, KY.

d) $237,940.00 in United States currency seized on April 3, 2022, in Fayette County, KY.
e) $5,980.00 in United States currency seized on April 3, 2022, in Fayette County, KY.

**FIREARMS AND AMMUNTION**:

a) a Taurus 9mm caliber firearm, model PT709 Slim, bearing serial number TJS39219.
b) a DPMS Inc. .308 caliber pistol, Model Panther LR-308, serial number 113182.
c) a Romarm/Cugir 7.62 x 39mm pistol, Model Micro Draco, serial number PE-1750-2018.
d) a Keltec .22 caliber pistol, model PMR-30, bearing serial number WXXW47.
e) a Smith and Wesson .40 caliber pistol, model M & P 40 Shield, serial number LEZ9172,
f) Miscellaneous ammunition and magazines.

3. In committing the felony offense charged in Count 3 of this Indictment, the United States seeks forfeiture of the firearms and ammunition listed below from **LUIS FERNANDO LARA-GARCIA** pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461:

**FIREARMS AND AMMUNTION**:

a) a Taurus 9mm caliber firearm, model PT709 Slim, bearing serial number TJS39219.
b) a DPMS Inc. .308 caliber pistol, Model Panther LR-308, serial number 113182.
c) a Romarm/Cugir 7.62 x 39mm pistol, Model Micro Draco, serial number PE-1750-2018.
d) a Keltec .22 caliber pistol, model PMR-30, bearing serial number WXXW47.
e) a Smith and Wesson .40 caliber pistol, model M & P 40 Shield, serial number LEZ9172,
f) Miscellaneous ammunition and magazines.

4. In committing the offenses alleged in Counts 4 - 7 of this Indictment, the same being punishable by imprisonment for more than one year, **LUIS FERNANDO LARA-GARCIA, TYLER RAYLEE IPOCK, aka JACOB WILLIAM TURNER, aka**

**BRANDON SCOTT BENNETT, aka CHRIS LEE DAVIS, DEMARKUS LEEANTHONY NEMETZ, ALAYNA WELLS and TAWSIF MOHAMMED TAJWAR,** shall forfeit to the United States any property involved in the offenses or any property traceable to such property, including but not limited to, the following property:

### MONEY JUDGMENT:

Money judgment payable to the United States of America in the approximate amount of $400,000.00.

### CURRENCY:

a) $196,870.00 in United States currency seized on February 2, 2021, in Fayette County, KY.
b) $190,920.00 in United States currency seized on January 22, 2022, in Fayette County, KY.
c) $19,000.00 in United States currency seized on March 16, 2022, in Anderson County, KY.
d) $237,940.00 in United States currency seized on April 3, 2022, in Fayette County, KY.
e) $5,980.00 in United States currency seized on April 3, 2022, in Fayette County, KY.

If any of the property listed above, as a result of any act or omission of the Defendant(s),

(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third party;
(3) has been placed beyond the jurisdiction of the Court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property in which the defendant(s) have an interest, up to the value of the property.

5. By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **LUIS FERNANDO LARA-GARCIA, TYLER RAYLEE IPOCK, aka JACOB WILLIAM TURNER, aka BRANDON SCOTT BENNETT, aka CHRIS LEE DAVIS, DEMARKUS LEEANTHONY NEMETZ, ALAYNA WELLS and TAWSIF MOHAMMED TAJWAR** have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C.§ 982(a)(1).

A TRUE BILL

███████████████

FOREPERSON

_signature_

**CARLTON S. SHIER IV.**
**ACTING UNITED STATES ATTORNEY**

# PENALTIES

**COUNT 1:**
**If 400 grams or more or fentanyl or 5 kilograms or more of cocaine:**
Imprisonment for not less than 10 years nor more than Life imprisonment, a fine of not more than $10,000,000, and not less than 5 years supervised release.

**If prior serious drug felony or serious violent felony conviction:**
Imprisonment for not less than 15 years nor more than Life imprisonment, a fine of not more than $20,000,000, and not less than 10 years supervised release.

**COUNT 2:**
**If 400 grams or more or fentanyl:**
Imprisonment for not less than 10 years nor more than Life imprisonment, a fine of not more than $10,000,000, and not less than 5 years supervised release.

**If prior serious drug felony or serious violent felony conviction:**
Imprisonment for not less than 15 years nor more than Life imprisonment, a fine of not more than $20,000,000, and not less than 10 years supervised release.

**If 500 grams or more of cocaine:**
Imprisonment for not less than 5 years nor more than 40 years imprisonment, a fine of not more than $5,000,000, and not less than 4 years supervised release.

**If prior serious drug felony or serious violent felony conviction**: Imprisonment for not less than 10 years nor more than Life imprisonment, not more than an $8,000,000 fine, and not less than 8 years supervised release.

**COUNT 3:**
Imprisonment for not more than 10 years, a fine of not more than $250,000, and not more than 3 years supervised release.

**COUNTS 4 - 7:**
Not more than 20 years imprisonment, not more than a $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, and not more than 3 years supervised release.

**PLUS:**          Mandatory special assessment of $100 per felony count.

**PLUS:**          Forfeiture of all listed items.

**PLUS:**          Restitution, if applicable.