UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 22-092-DCR |
| V. | ) ) | |
| TAWSIF MOHAMMED TAJWAR, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury convicted Defendant Tawsif Tajwar on April 13, 2023, of one count of conspiring to launder money in violation of 18 U.S.C. § 1956(h) and one count of promotional money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). [Record No. 223] Following the guilty verdict, the Court granted the United States moved to revoke Tajwar's release on bond conditions pursuant to 18 U.S.C. § 3143(a). Tajwar then filed multiple post-verdict motions, including a motion for a judgment of acquittal and a motion for a new trial; however, both motions were denied. [Record Nos. 230 and 232] On July 24, 2023, Tajwar was sentenced to a 90-month term of incarceration. [Record No. 357] He has now has filed a motion seeking release from custody pending the appeal of his conviction and sentence. [Record No. 312]

**I.**

While 18 U.S.C. § 3143(b) requires detaining a defendant after being "found guilty of an offense and sentenced to a term of imprisonment," the statute also outlines the findings a

-1-

trial court must make to release that individual pending appeal. It provides, in relevant part, that the defendant should remain in detention:

> [U]nless the judicial officer finds—
>
> A. by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
>
> B. that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment,
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The statute creates a presumption against release pending an appeal of a criminal conviction. *See United States v. Vance*, 851 F.2d 166, 169-170 (6th Cir. 1988). To overcome this presumption, the defendant has the burden of demonstrating that statutory requirements are satisfied to justify release. *Id.*

## II.

Tajwar argues that he will return home to his family and assume a caretaking role if he is released pending appeal which, he claims, sufficiently removes the risk of nonappearance at future proceedings or of reporting to a facility for incarceration. [Record 312] And in challenging the notion that he presents a danger to the community, Tajwar asserts that he "has a strong dedication and positive presence in his community" and contends that his cell phone business—the entity through which he committed his crimes—no longer exists following a stop by law enforcement in January 2022 that led to his arrest. [Record 312, p. 3].

Tajwar also claims that he has raised a substantial question of law or fact based on: (1) the Court's purported error in responding to a question from the jury concerning co-defendants; (2) an alleged *Brady* violation by the United States based on a video recording of text messages reviewed by a law enforcement agent on his cellphone; and (3) insufficient evidence to convict him of either count.

### III.

### *Flight Risk and Danger to the Community*

Tajwar asserts that he is unlikely to flee because he continues to benefit from the support of his family. But the United States emphasizes that the defendant has "never accepted responsibility for his crimes." [Record No. 325] This suggests that Tajwar feels unobligated to serve the sentence imposed for the crimes he committed. Not only has Tajwar been sentenced for committing multiple offenses but he has been sentenced to serve a significant term of imprisonment, creating a substantial risk of nonappearance should his appeal be denied. *See United States v. Rankin*, 289 F. Supp. 3d 846, 849 (S.D. Ohio 2017) ("The length of a potential sentence bears on a defendant's risk of flight."). Tajwar's refusal to accept responsibility for his conduct, in combination with the amount of time he faces, renders him a flight risk.

Next, Tajwar also that he does not present continued danger to the community. [Record 312] However, actions occurring before the defendant's arrest--specifically four money pickups to which he brought a loaded firearm for obtaining over $190,000 in drug proceeds-- tell a different story. It bears repeating that Tajwar has not accepted responsibility for these actions, and his motion does little to show that the danger he posed to the public immediately prior his arrest will not continue if he is released (even subject to stringent contitions). Tajwar

-3-

contends only that the business through which he facilitated criminal activity no longer exists which, he claims, forecloses the likelihood that he would participate in similar conduct. Whether he truly dissolved his business in January 2022 has been disputed, considering his continued communication with a former associate following his arrest. [Record No. 325, p. 3] And rather than offering clear and convincing proof showing that his release would not endanger the public, Tajwar provides only circumstantial evidence that he lacks the means to commit additional crimes. In short, Tajwar fails to meet the statutory burden necessary to justify release pending appeal. 18 U.S.C. § 3143(b)(1)(A).

### *Question of Law or Fact*

Although Tajwar claims his appeal is likely to result in reversal or a new trial, the Court does not find that he raises a "substantial question" likely to overturn his conviction. 18 U.S.C. § 3143(b)(1)(B). Within the Sixth Circuit, a substantial question is raised "when the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985) (citations omitted).

Here, Tajwar raises the same issues in support of his motion that have already been rejected by this Court. [Record No. 250] His failure to succeed on these motions in the past achieves the same result at this stage, and Tajwar necessarily fails to overcome the presumption against release under this prong of the statute.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant's motion for release pending appeal [Record No. 312] is **DENIED**.

Dated: August 30, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky